UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MELVYN WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | Judge |
| CITY OF ROCK ISLAND, ) | |
| EDDIE H. CONNELLY, ) | Magistrate Judge |
| JACK W. LAGRANGE, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff Melvyn Walton is a current resident of Rock Island, Illinois.

5. The officers referred to in this Complaint, including Defendant-Officers Eddie H. Connelly #1221 and Jack E. LaGrange #1255, are duly appointed and sworn Rock Island police officers.

6. At all times relevant to this Complaint, the Rock Island police officers, including the Defendant-Officers, were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacity.

8. Defendant City of Rock Island is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the officers referred to in this Complaint, including the Defendant-Officers.

**Facts**

9. On October 6, 2016, at approximately 12:15am, Plaintiff was arriving at his home in Rock Island, Illinois.

10. Rock Island police officers, including some or all of the Defendant-Officers, had detained an individual outside near Plaintiff's home.

11. Due to the noise and commotion generated during the detention and arrest of this individual, Plaintiff's attention was drawn to the incident.

12. The individual in the police officer's custody began yelling and screaming and appeared to be in distress and/or pain.

13. At some point, out of concern for the safety of the arrestee, Plaintiff began video-recording the arrest on his mobile phone.

14. After the individual was taken into police custody, Plaintiff stopped recording and went inside his home.

15. Plaintiff was in his home for at least 30-45 minutes and was watching television on the couch with his wife. Plaintiff's children were sleeping in their rooms.

16. At some point, police officers, including the Defendant-Officers, became aware that Plaintiff was recording the incident.

17. Rock Island police officers, including the Defendant-Officers, approached Plaintiff's home and knocked on the door.

18. Plaintiff's wife answered the door.

19. Rock Island police officers, including the Defendant-Officers, entered Plaintiff's home.

20. The officers then asked for Plaintiff's phone and asked to see the video that Plaintiff had recorded.

21. Plaintiff began to show the officers the recording.

22. The Defendant-Officers then asked Plaintiff to send/give them the video.

23. Plaintiff had not yet reviewed the video recording to see what was depicted.

24. Plaintiff asked to think about it and requested a card to be in touch with the officers.

25. The Defendant-Officers then demanded Plaintiff's phone.

26. Plaintiff objected to surrendering his phone.

27. The officers, including some or all of the Defendant-Officers, insisted Plaintiff turn over his phone.

28. Plaintiff asked that they obtain a warrant to seize his phone and/or the video recording.

29. Plaintiff asked the officers, including the Defendant-Officers, to leave his home in the absence of a warrant.

30. Plaintiff proceeded to sit down on his couch.

31. The officers, including the Defendant-Officers, threatened to take Plaintiff to jail if he did not give them his phone.

32. The Defendant-Officers approached Plaintiff, grabbed him by the arms and wrists, proceeded to pull him off the couch, and attempted to forcibly wrestle the phone away from Plaintiff.

33. The Defendant-Officers continued to pull and twist Plaintiff's arms and wrists.

34. The Defendant-Officers confiscated Plaintiff's phone.

35. The Defendant-Officers handcuffed Plaintiff.

36. The Defendant-Officers injured Plaintiff's left arm when they seized, handcuffed and otherwise used force on Plaintiff.

37. The officers, including some or all of the Defendant-Officers, then proceeded to put Plaintiff in a police vehicle.

38. The police officers did not have a warrant to enter or search Plaintiff's home.

39. There were no exigent circumstances to justify entering, searching or remaining in Plaintiff's home.

40. The amount of force the police officers, including the Defendant-Officers, used on Plaintiff was unreasonable and unnecessary.

41. At the time the police officers, including some or all of the Defendant-Officers, seized Plaintiff, there was no basis to arrest Plaintiff.

42. Nevertheless, Rock Island police officers, including some or all of the Defendant-Officers, arrested Plaintiff.

43. Plaintiff was eventually released from police custody at the scene.

44. Rock Island police officers, including the Defendant-Officers, kept Plaintiff's phone.

45. Upon his release, Plaintiff went to the emergency room where he received treatment for his injuries, including x-rays, a cast on his left forearm, and pain medication.

46. The next day, Plaintiff woke to severe pain in his shoulder.

47. Plaintiff received additional medical treatment for his injuries, injuries that included a sprained shoulder and fractured wrist.

48. Plaintiff also received treatment for his emotional distress injuries.

49. As a result of his injuries, Plaintiff was unable to immediately return to work and incurred lost wages.

50. As a direct and proximate result of the acts of the Rock Island police officers, including the Defendant-Officers, as described above, Plaintiff suffered damages, including loss of physical liberty, pain and suffering, emotional distress, lost wages, and other financial losses.

### COUNT I
### 42 U.S.C. § 1983 – False Arrest / Unreasonable Seizure

51. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

52. Rock Island police officers, including the Defendant-Officers, placed Plaintiff under arrest.

53. Rock Island police officers, including the Defendant-Officers, seized Plaintiff.

54. Rock Island police officers, including the Defendant-Officers, did not have an arrest warrant, probable cause, or any other legal justification to arrest and/or seize Plaintiff.

55. The arrest and/or seizure of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizure.

   WHEREFORE, Plaintiff asks that this Honorable Court:

   a)  Enter judgment against the Defendant-Officers,

   b)  Award Plaintiff compensatory and punitive damages,

   c)  Award attorneys' fees and costs, and

   d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983 – Illegal Entry and Search of Home

56. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

57. Rock Island police officers, including the Defendant-Officers, entered Plaintiff's home.

58. Rock Island police officers, including the Defendant-Officers, remained in Plaintiff's home after being told to leave.

59. Rock Island police officers, including the Defendant-Officers, did not have a warrant, consent, or any other legal basis to enter and/or remain in Plaintiff's home.

60. Entering and/or remaining in Plaintiff's home without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable search and seizure.

   WHEREFORE, Plaintiff asks that this Honorable Court:

   a)  Enter judgment against the Defendant-Officers,

   b)  Award Plaintiff compensatory and punitive damages,

c)   Award attorneys' fees and costs, and

d)   Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### 42 U.S.C. § 1983 – Illegal Search of Person and Seizure of Property

61.   Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

62.   Rock Island police officers, including the Defendant-Officers, seized and/or searched Plaintiff's phone.

63.   Rock Island police officers, including the Defendant-Officers, did not have a warrant, consent, or any other legal justification to search Plaintiff and/or seize and/or search his phone or other property.

64.   The search of Plaintiff, search of his phone, and/or seizure of his property without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable search and seizure.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)   Enter judgment against the Defendant-Officers,

b)   Award Plaintiff compensatory and punitive damages,

c)   Award attorneys' fees and costs, and

d)   Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### 42 U.S.C. § 1983 – Excessive Force

65.   Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

66.   Rock Island police officers, including the Defendant-Officers, used force on Plaintiff as described in the above paragraphs.

67. The force used by Rock Island police officers, including the Defendant-Officers, was unjustified, unreasonable and unnecessary.

68. Rock Island police officers, including the Defendant-Officers, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
## 42 U.S.C. § 1983 – First Amendment

69. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

70. Rock Island police officers, including the Defendant-Officers, seized Plaintiff's phone in an effort to obtain the video recording he had made.

71. Plaintiff had a right to record public incidents, particularly incidents in which it appears a civilian is in distress, pain and/or being attacked by police officers.

72. Rock Island police officers, including the Defendant-Officers, had no legal justification to seize and/or search Plaintiff's phone and/or the video Plaintiff had recorded.

73. Rock Island police officers, including the Defendant-Officers, threatened Plaintiff with arrest if he did not give them his phone and/or the video recording.

74. Rock Island police officers, including the Defendant-Officers, seized, arrested and used force on Plaintiff when Plaintiff did not give the officers his phone and/or the video recording.

75. Rock Island police officers, including the Defendant-Officers, deprived and abridged Plaintiffs' right to free speech under the First Amendment.

76. The violation of Plaintiff's First Amendment rights caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
## State Law False Arrest/Seizure/Imprisonment

77. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

78. Rock Island police officers, including the Defendant-Officers, placed Plaintiff under arrest.

79. Rock Island police officers, including the Defendant-Officers, seized Plaintiff.

80. Rock Island police officers, including the Defendant-Officers, took Plaintiff into custody and held him in a police vehicle for a period of time.

81. Rock Island police officers, including the Defendant-Officers, did not have an arrest warrant, probable cause, or any other legal justification to arrest, seize, detain and/or imprison Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
## State Law Battery

82. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

83. Rock Island police officers, including the Defendant-Officers, intentionally caused harmful and/or offensive contact with Plaintiff's person as described in the above paragraphs regarding their use of force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
## State Law Willful and Wanton

84. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

85. At all relevant times the above-described Rock Island police officers, including the Defendant-Officers, had a duty to perform their job duties in a reasonably safe manner so as to not threaten, injure or otherwise harm individuals they came into contact with.

86. The above-described Rock Island police officers, including the Defendant-Officers, breached that duty.

87. The above-described Rock Island police officers', including the Defendant-Officers', breach exhibited a reckless disregard for the safety of others, including a failure to exercise ordinary care.

88. The above-described Rock Island police officers, including the Defendant-Officers, acted with actual intent to harm Plaintiff, or with a conscious disregard for Plaintiff's safety and well-being.

89. The above-described Rock Island police officers', including the Defendant-Officers', conduct and conscious disregard of Plaintiff's safety and well-being deliberately caused a highly unreasonable risk of harm to others.

90. The above-described Rock Island police officers, including the Defendant-Officers, knew of the possible harm and danger to Plaintiff, and failed to exercise ordinary care to prevent the harm.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IX
### Respondeat Superior Claim

91. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

92. The acts of the Rock Island police officers described in the above paragraphs and state law claims were committed in the scope of their employment with Defendant City of Rock Island.

93. Pursuant to respondeat superior, Defendant City of Rock Island is liable for its agents' actions, including the Rock Island police officers' actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Rock Island and such other and additional relief that this Honorable Court deems just and equitable .

## COUNT X
### Indemnification Claim pursuant to 745 ILCS 10/9-102

94. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein.

95. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Rock Island is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Rock Island to indemnify the Defendant-Officers for any judgment for compensatory damages and attorneys' fees in this case arising from the officers' actions.

96. Jury trial demanded.

Respectfully submitted,


/s/ Amanda S. Yarusso
Attorney for Plaintiff


Amanda S. Yarusso
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(773) 510-6198
amanda.yarusso@gmail.com

Michael Schmiege
Law Offices of Michael P. Schmiege
53 West Jackson Blvd, Suite 1515
Chicago, IL 60604
(312) 906-7800
mikeschmiege@gmail.com